IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAM TARNAWA,

      Petitioner,               No. CIV S-09-2429 EFB P

      vs.

RICHARD IVES,

      Respondent.      ORDER

_____/

      Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(3).

      Petitioner challenges the execution of his sentence. Respondent moves to dismiss, arguing that the petition should be dismissed for lack of subject matter jurisdiction and because petitioner failed to exhaust his administrative remedies. Dckt. No. 9 ("Mot."). Upon careful consideration of the record and the applicable law, the court finds that the claim raised in the petition is unexhausted and must therefore be dismissed.[1]

---

[1] Petitioner has also filed motions for injunctive relief, Dckt. No. 11 (raising issues that bear no relationship to the petition), for the appointment of counsel, Dckt. No. 12, and document

**I.     Procedural Background**

On April 28, 2005, petitioner was sentenced in the Eastern District of Texas to a term of 480 months of incarceration for a violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1344 (Bank Fraud), and 18 U.S.C. § 1957(a) (Money Laundering).  Pet. at 2, 16-21 (Judgment)[2]; Mot. at 3.  Petitioner is presently incarcerated at Federal Correctional Institution, Herlong.  Pet. at 2; Mot. at 2.  Petitioner has a projected release date, via credit for good time conduct, of July 30, 2038.  Mot., Decl. of Eloisa DeBruler in Supp. Thereof ("DeBruler Decl."), Ex. 1 (SENTRY Public Information Inmate Data).

**II.    Petitioner's Claim**

The essence of petitioner's claims is that the respondent, the warden at the institution where petitioner is confined, forces petitioner to pay $30 a month toward his restitution, and that this payment schedule was not established by the sentencing court.  Pet. at 3, 7-8.  This, petitioner suggests, is somehow an unlawful enhancement of his sentence.  Petitioner requests that he be excused from participating in the Inmate Financial Responsibility Program, *id.* at 6, which was established so that the Bureau of Prisons could "encourage[] each sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. 545.10.  Petitioner appears to claim that, pursuant to the Mandatory Victim Restitution Act, only the sentencing court, and not the Bureau of Prisons, may fix a schedule for restitution payments.  Pet. at 7, 9.

**III.   Analysis**

Respondent argues that this court lacks subject matter jurisdiction over this action because petitioner "simply challenges the conditions of his confinement, and not the fact or duration thereof."  Mot. at 3-5.  The argument lacks merit.  Petitioner, in challenging the Bureau

---

he styles as a "Request for Calendar Where a Year Has Past."  Dckt. No. 13.  Those motions are rendered moot by the dismissal of the petition.

[2] Page number citations are to the pagination reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

1  of Prison's ability to require his participation in the Inmate Financial Responsibility Program in
2  order to pay his restitution, is challenging the manner of execution of his sentence. The proper
3  method for challenging the execution of a sentence is through a habeas corpus petition under 28
4  U.S.C. § 2241, brought in the district court where the prisoner is confined. *See Braden v. 30th*
5  *Judicial Cir. Ct.*, 410 U.S. 484, 494-95 (1973); *United States v. Giddings*, 740 F.2d 770, 772 (9th
6  Cir. 1984). *See also Montano-Figueroa v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (per
7  curiam) (resolving challenge to restitution by federal inmate under § 2241); *Tucker v. Carlson*,
8  925 F.2d 330, 331 (9th Cir.1990) (a challenge to "the manner in which [] sentence was executed,
9  [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241").

10  Respondent next argues that this action should be dismissed because petitioner failed to
11  exhaust his administrative remedies. Mot. at 3. A federal prisoner is required to exhaust
12  federal administrative remedies before bringing a habeas petition in federal court. *See Martinez*
13  *v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). The Bureau of Prisons has
14  established an administrative remedy by which an inmate in a federal prison may seek review of
15  any aspect of his or her confinement. 28 C.F.R. § 542.10. The purpose of the exhaustion
16  requirement is to allow the administrative agency to develop a factual record, to correct its own
17  errors, and to promote judicial efficiency. *Parisi v. Davidson*, 405 U.S. 34, 37 (1972).

18  Here, the record indicates that petitioner made no attempt to use the administrative
19  appeal process that was available to him. Respondent submits evidence that petitioner has
20  failed to exhaust, or even attempt to exhaust, his administrative remedies. DeBruler Decl. ¶ 6
21  ("Inmate Tarnawa has not exhausted administrative remedies as to any claims relating to his
22  participation in the Inmate Financial Responsibility Program. I have reviewed the Bureau's
23  SENTRY records and have determined the Petitioner has not filed any administrative remedies
24  regarding this issue."); *see also id.* ¶¶ 1-2 (indicating that as part of her duties as the Camp
25  Administrator/Executive Assistant of the Federal Correctional Institution in Herlong,
26  California, she has access to documents and electronic data maintained by the Federal Bureau of

1 Prisons in the SENTRY database).  In his petition, petitioner concedes that he has not presented

2 his restitution claim to prison officials in a prison administrative appeal.  Pet. at 3-4.  Petitioner

3 argues, however, that the court should exercise its discretion to waive the exhaustion

4 requirement in his case because exhaustion would be futile.  *Id.* at 3.  According to petitioner,

> any further attempt to resolve this dispute administratively with the respondent would be an exercise in futility, and would cause Tarnawa additional harm by way of [Respondent's] retaliatory placement of Tarnawa on [Inmate Financial Responsibility Program] refusal status.  Tarnawa has been informed by [Respondent's] subordinate [Bureau of Prison] employees that [Respondent] adopts the position that under the [Mandatory Victim Restitution Act] he has authority to set a schedule, despite the order's deficiencies and will not revisit the matter absent a direct order from the court.

*Id.* at 13.  "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990).  If the petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  *Id.*  Exhaustion is not required if the prisoner's interests in immediate judicial review outweigh the governmental interests of "protecting administrative agency authority and promoting judicial efficiency." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).  Interests of the prisoner that may outweigh the exhaustion requirement include undue prejudice resulting from requiring exhaustion, and the futility of pursuing an administrative remedy because the agency is powerless to adjudicate the issue, or because the agency is biased or has already predetermined the issue.  *See id.* at 145-56; *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993) (excusing petitioner from failure to exhaust where petitioner's initial request for an administrative remedy was denied based upon official policy of the Bureau of Prisons and any subsequent appeal would "almost certainly" have been denied based upon the same policy).

////

1   Here, the record reveals that petitioner has made no use of the administrative remedies available to him.  Further, the exceptions to the general rule that exhaustion of administrative remedies is a prerequisite to filing a petition for a writ of habeas corpus are not present.  The court cannot accept petitioner's bald assertion that pursuit of such remedies would have been futile.  *See Ward v. Chavez*, No. CV-09-00246-PHX-GMS, 2009 U.S. Dist. LEXIS 76744, at *11 (D. Ariz. Aug. 27, 2009) (finding petitioner failed to show that exhaustion would have been futile, because his "unsupported contentions" were insufficient to show that the Bureau of Prisons "universally adopted a 'clear and inflexible' policy that would make rejection of Petitioner's appeal a certainty,'" particularly where petitioner never even submitted an administrative appeal); *cf. Fraley*, 1 F.3d at 925.  It appears that petitioner simply decided to proceed directly to court because he believed that the administrative process would be futile.  However, petitioner has not demonstrated any need for immediate judicial review that outweighs the purposes of the exhaustion requirement.

**IV.   Conclusion**

For the reasons discussed above, petitioner has failed to exhaust his administrative remedies or to demonstrate that he should be excused from the exhaustion requirement.  Therefore, this action must be dismissed, without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's February 12, 2010 motion to dismiss is granted;

2.  All outstanding motions are denied as moot;

3.  The Clerk is directed to close the case; and

4.  The court declines to issue a certificate of appealability.

DATED: March 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5