IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD WILLIAM TARNAWA,

    Petitioner,                    No. CIV S-09-2429 EFB P

    vs.

RICHARD IVES,

    Respondent.                <u>ORDER</u>

                                /

       Petitioner is a federal prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(3).

       On March 18, 2011, the court dismissed the petition without prejudice on the grounds that petitioner had neither exhausted his administrative remedies nor demonstrated he should be excused from the exhaustion requirement. Dckt. No. 14. Accordingly, the Clerk of the Court entered judgment. Dckt. No. 15. Now pending is petitioner's "motion to reconsider" under Rule 59(e) of the Federal Rules of Civil Procedure on the ground that he has now completed the initial step in the administrative exhaustion process, that he received an unhelpful response to his administrative grievance, and that any further attempt at exhaustion is futile. Petitioner asks the

court to "reconsider its order an[d] grant his § 2241 [petition]." Dckt. No. 16.

Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Additionally, Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief

Here, petitioner claims he has now completed the initial step in the administrative process. He does not demonstrate he is entitled to relief from judgment, as there is no claim of new evidence, clear error, a change in the law, or any other circumstances to justify the requested relief.

Accordingly, IT IS HEREBY ORDERED that plaintiff's April 15, 2011 motion for reconsideration is denied.

Dated: August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE